UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:19-CR-25-REW |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| CURTIS L. HIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 16, 2019, a Kentucky State Police (KSP) Cooperating Witness (CW), after being outfitted by law enforcement with audiovisual recording equipment, "conducted a controlled drug purchase from the residence of" Defendant Curtis Hight. DE 29-4 (KSP Det. Zachary Bryson Aff. in Support of Search Warrant). Hight sold the CW heroin and crack cocaine. The video also revealed that Hight had ready access to an "AK-47 style rifle and a semi-automatic pistol." *Id.* Based on this information, officers obtained, on October 24, 2019, a state search warrant for Hight's home, *see id.*, as well as a federal criminal complaint and warrant for Hight's arrest. DE 1 (Complaint); DE 4 (Executed Warrant). Law enforcement executed both warrants on October 25, 2019. *See* DE 4. Post-arrest, Hight, after hearing KSP Det. Zachary Bryson's *Miranda* warnings, made multiple incriminating statements. *See* Audio File KYED-PIK_7-19-cr-25-01_20200204_093759, at 8:15–9:15, 10:00–14:00. Hight has complaints.

Defendant asks the Court to suppress three evidence categories: (1) any evidence obtained during and through the controlled buy, (2) the fruits of the search warrant issued in reliance on the

1

controlled-buy proof,[1] and (3) Hight's October 25, 2019, post-arrest statements to law enforcement. DE 26 (Motion). On referral, Judge Atkins held an evidentiary hearing, *see* DE 33 (Minute Entry), and, after thorough treatment, recommended full denial. *See* DE 35 (Recommended Disposition). Hight timely objected only to Judge Atkins's handling of the controlled-buy challenge. *See* DE 36. The Government responded. DE 37. The matter stands ripe for review.

Hight's argument—that a CW entering a target's home is a government agent effecting a warrantless search—attacks a fundamental tool of American law enforcement. The defense effort plainly fails. Hight voluntarily welcomed the CW into his home to conduct a drug deal. He had no cognizable expectation of privacy as to what the CW perceived. Under bedrock Fourth Amendment law, no government search occurred, and no suppression basis exists.

*Review Standard*

The Court must review de novo any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). Yet, the Court "need not provide de novo review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks omitted). An objecting party faces the affirmative "duty to pinpoint those portions of the [Magistrate Judge's] report that the district court must specially consider." *Id.* Further, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty

---

[1] Hight does not directly dispute warrant validity.

to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

Hight's objection includes three principal elements: (A) a general objection to Judge Atkins's characterization of the facts relating to the CW's controlled buy (and a proposed alternative formulation); (B) disagreement with Judge Atkins's decision to limit the evidentiary hearing to Hight's *Miranda* argument; and (C) a set of general citations concerning Fourth Amendment protections. DE 36 at 1–3. More important, in determining the Court's review standard, are several notable omissions. Hight's objections lack: (1) citations—to the record or recommendation—(2) explanations of how, specifically, Judge Atkins erred in reciting the facts or why, particularly, the alternative formulation posed materially differs from the recommendation recitation, and (3), with regard to the third aspect of the objections, any effort to apply the cited precedent to the facts of **this case**. Objections that merely "dispute[ ] the correctness of the magistrate's recommendation" without specifying the findings that Defendant "believe[s] were in error[,] . . . amount to general objections" and do not warrant de novo review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Further, the Court, on review, finds Hight's thin remonstrances meritless.

*Objections*

Hight argues that an accurate characterization of the facts and history would be:

> On October 16, 2019, a paid employee of the government which the government calls a "CW" entered the home of the Defendant with no warrant on the behalf of the government with audio and video recording equipment provided to him by the government in order to obtain evidence against the Defendant on the behalf of the [sic] made an alleged controlled drug purchase from the Defendant in the residence of the Defendant on the behalf of the government. From the information gathered illegally from the employee on October 16, 2019, the government obtained a search warrant for the residence of the Defendant and a criminal complaint for the Defendant. The Defendant moved to suppress the evidence from the illegal intrusion of the government from October 16, 2019 and any evidence obtained by

3

> the government from search warrant and criminal complaint that the government obtained.

DE 36 at 1. The Court sees only two arguable differences between Hight's proposal and Judge Atkins's findings. Namely, Defendant's depiction of the CI as "a paid employee of the government" and the assertion that the CI's information was "gathered illegally[.]" The latter, of course, is a legal conclusion, not a factual statement and is simply a reiteration of the original motion argument.[2] The thrust of the former—that during the controlled buy the CI was acting as an agent of the government—is fully captured in the recommendation. *See* DE 35 at 1–2 (noting that "KSP advised" the CI to meet "to arrange a controlled purchase of drugs from Hight[,]" that KSP "provided a recording device to capture the transaction[,]" and that "officers provided the informant with $650 to purchase heroin and cocaine from Hight"). Thus, Defendant identifies no error in Judge Atkins's characterization of the factual record.

Moreover, the law is clear that when a trafficker invites an individual into his home "for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, garage, a car, or on the street." *Lewis v. United States*, 87 S. Ct. 424, 427 (1966). In that scenario, even an undercover narcotics agent (unquestionably a government employee and a broad step beyond the CW) may, "in the same manner as a private person," accept the invitation and enter the home "for the very purposes contemplated by the occupant." *Lewis*, 87 S. Ct. at 427. Here, there is no dispute that Hight invited the CI into his home for purposes of a drug sale. Thus, for Fourth Amendment purposes, it is irrelevant whether the CI was a government agent/employee, or whether he was paid on this occasion and prior occasions (or, for that matter, if he was paid as a bi-weekly employee). *See United States v. Pollard*, 215 F.3d 643, 648 (6th Cir.

---

[2] It is thus misplaced in the context of an argument concerning facts, and not entitled to de novo review.

2000) ("[I]t is well established that an undercover officer may gain entrance by misrepresenting his identity and may gather evidence while there." (citing *Lewis*)). Put simply, the CI's invited entry[3] into Hight's home was not a "search" within the meaning of the Fourth Amendment. *See United States v. Jones*, 533 F. App'x 562, 571 (6th Cir. 2013) (noting that "*Lewis* is [still good] law," finding no "illegal search[,]" and rejecting exclusion argument for "audio and video recordings taken during [ ] controlled purchases. . . when [a] CI entered [defendant's] home wearing recording devices").

Next, Defendant assigns error to Judge Atkins's decision to exclude consideration of Hight's Fourth Amendment suppression theory from the evidentiary hearing. Initially, Judge Atkins set a general hearing on Hight's suppression motion. *See* DE 28 (Order). However, on review of the supplemented record, *see* DE 29 (Supp. Filings), Judge Atkins issued a January 29, 2020, order limiting the hearing to "the facts surrounding Defendant's alleged intoxication causing him to lack the ability to voluntarily waive his *Miranda* rights." DE 32. Hight filed no opposition to this limitation. And, despite discussion of this topic at the hearing, the defense did not object to the narrowed scope or press for a broader proceeding. *See* Audio File KYED-PIK_7-19-cr-25-01_20200204_093759, at 01:00–02:28.

Nonetheless, Hight now argues that Judge Atkins should have had an "evidentiary hearing regarding the 4th amendment search and seizure issues." DE 36 at 2. The law on hearing necessity (though not discussed in Defendant's filing) is clear: "A district court is required to hold an evidentiary hearing when the defendant has set forth contested issues of fact that bear upon the

---

[3] Notably, Hight does not challenge Judge Atkins's findings that "there is no evidence" that Defendant did not consent to the CI's entry into his home, or that the CI's observations were limited to the scope of the drug transaction (*i.e.*, "the very purposes contemplated by the occupant[,]" *Lewis*, 87 S. Ct. at 427). *See* DE 35 at 4.

legality of" the government's conduct. *United States v. Montgomery*, 395 F. App'x 177, 186 (6th Cir. 2010); *see also United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) ("An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." (citation and internal quotation marks omitted)). Defendant's objections do not identify which facts bearing on the validity of the at-issue conduct Hight believes are disputed. The relevant portion of the filing addresses only two facts: (1) that the government paid the subject informant for assisting the investigation via the controlled-buy (and had previously paid the same individual for assistance with other matters); and (2) that Hight "did not consent to the government bringing audio and video recording equipment into his home." DE 36 at 2. Defendant fails to identify a persisting or consequential dispute as to either.

The unchallenged record before Judge Atkins clearly showed that the CI "worked proactively with law enforcement officers for monetary compensation[.]" DE 29-3 at ¶ 7 (Aff. of DEA SA Randolph Copley); *see also* DE 29-4 at 2 (describing the informant as a "Kentucky State Police Cooperating Witness"). Further, as the recommendation made clear, the Government never disputed that the CW was acting as an agent of law enforcement. *See* DE 35 at 3. Rather, the prosecution argued that agent status was irrelevant for purposes of the suppression motion. *See id.*; *see also* DE 31 at 4 ("Hight's assertions about the confidential informant's status as an agent of the government are irrelevant.").[4] Thus, the fact of CW compensation was and is undisputed. Further, for the reasons already detailed, that fact (like agent status) has no bearing on the validity of the CW's invited entry into Hight's home.

---

[4] The Government's objection response reiterates the argument. DE 37 at 3 ("But Hight fails to grasp that his assertions about the confidential informant's status as an agent of the government are irrelevant.").

Likewise, the Court sees no dispute concerning Hight's "consent to the government bringing audio and video recording equipment into his home." DE 36 at 2. The record offers no support for any implicit suggestion that the Government was arguing or that Judge Atkins found that the CW disclosed that he was wired for audiovisual recording and that Hight nonetheless consented. Further, the validity of the surreptitious recording does not hinge on Hight's consent. Thus, even if there was an open question regarding whether Defendant knowingly permitted the CW to record and transmit the illicit transaction, such a dispute would not necessitate a hearing. Logic says and the Court assumes[5] that the CW did not alert Hight that he would be recording the encounter. The CW's deception or subterfuge about equipment has no impact on Hight's decision to admit the CW as a drug customer. What the CW digitally captured is the same fair game as what the CW saw and heard; Hight hazarded all such revelations by the CW when he welcomed the person into his home.

The "Government may utilize information voluntarily disclosed to a governmental informant, despite the criminal's reasonable expectation that his associates would not disclose confidential information to the authorities." *United States v. Jacobsen*, 104 S. Ct. 1652, 1661 (1984). As a Supreme Court plurality held, there is no meaningful difference—for Fourth Amendment purposes—between whether a government informant "who conceals his police connections" writes down his observations from a conversation after the fact or simultaneously records and transmits the same. *See United States v. White*, 91 S. Ct. 1122, 1125–26 (1971) (noting the absence of "persuasive evidence" of a difference "between the electronically equipped and the unequipped agent [ ] substantial enough to require discrete constitutional recognition"). Put differently:

---

[5] On a record wholly devoid of contrary proof or argument.

> If the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks.

*Id.* at 1126. The Sixth Circuit has adopted the *White* plurality view and extended it to the context of video recordings. *United States v. Jones*, 533 F. App'x 562, 571 (6th Cir. 2013); *United States v. Yang*, 281 F.3d 534, 548 (6th Cir. 2002). Accordingly, Hight's quibble with Judge Atkins's reliance on *Hoffa v. United States*, 87 S. Ct. 408 (1966) is meritless. The premise that "the Fourth Amendment" does not protect "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it" applies when such revelations occur through disclosure of surreptitious contemporaneous recordings. *Id.* at 413.

In sum, neither Judge Atkins's recommendation nor the validity of the CW's entry into Hight's home hinges on a disputed fact. Defendant entirely fails to identify material contested or unheard facts. Hight's Fourth Amendment argument turned on the legality of an unchallenged factual scenario. "Simply put, Defendant d[oes] not agree with the magistrate's legal decision based on the facts. This type of disagreement is not resolved through an evidentiary hearing." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006). Thus, the Court overrules Defendant's procedural objection.

Hight's final thrust is a general objection (at best, a reassertion of the original suppression request) that does not warrant de novo review. *See Miller*, 50 F.3d at 380. Suffice it to say that despite the undoubtedly critical Fourth Amendment interest in the security of American homes, "one contemplating [drug trafficking from his home] must realize and risk that his [purchasers] may be reporting to the police." *White*, 91 S. Ct. at 1126; *see also Jacobsen*, 104 S. Ct. at 1661 ("The concept of an interest in privacy that society is prepared to recognize as reasonable is, by its

very nature, critically different from the mere expectation, however well justified, that certain facts will not come to the attention of the authorities."). Defendant's unadorned string cite shows no error in Judge Atkins's thoughtful analysis. *Cf. Lewis*, 87 S. Ct. at 428 (In the suppression context, "each case must be judged on its own particular facts.").

*Unopposed Findings*

Concerning Hight's request for suppression of his post-*Miranda* statements, Judge Atkins, after ably summarizing the relevant law and accounting for the full factual record, found that: (1) Hight undisputedly "was subject to custodial interrogation"; (2) based on the totality of the circumstances, Hight showed no objective signs of intoxication; and (3), on the whole, law enforcement's conduct was not objectively coercive and did not overbear Hight's will. There was no misconduct to be the driving factor behind Hight's decision to waive his right to silence. DE 35 at 4–7. These findings, and the recommendation for denial of the Fifth Amendment-linked suppression request, stand unchallenged and amply supported by the detailed, uncontroverted hearing testimony of Det. (and FBI Task Force Officer) Bryson and the full record. Audio File KYED-PIK_7-19-cr-25-01_20200204_093759, at 03:00–19:00. Thus, with no objection from any party on this topic and on full review, the Court adopts Judge Atkins's recommendation concerning Hight's post-*Miranda* statements.

*Conclusion*

For these reasons, the Court **ORDERS** as follows:

1. The Court **OVERRULES** Hight's objections (DE 36);

2. The Court **ADOPTS** Judge Atkins's Recommended Disposition (DE 35);

3. The Court **DENIES** DE 26; and

4. Consistent with prior findings,[6] the Court **SCHEDULES** a jury trial in this matter for **March 23, 2020**, at **9:00 a.m.** in Pikeville, Kentucky. Counsel and Hight shall appear by 8:30 a.m. All <u>unexpired</u> DE 20 deadlines reset relative to this trial date.

This the 24th day of February, 2020.

Signed By:
*Robert E. Wier*
United States District Judge

---

[6] *See* DE 27 at 2 n.1 ("31 days currently remain on Hight's STA clock."); *id.* at 1 (declaring excludable "the period from and including Hight's January 10, 2020, suppression filing and the Court's ultimate resolution").