UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:19-CR-25-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CURTIS L. HIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 60 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Hight's guilty plea and adjudge him guilty of Counts 1 and 2 of the Indictment. *See* DE 62 (Recommendation); *see also* DE 61 (Plea Agreement); DE 14 (Indictment). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 62 at 2–3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 62, **ACCEPTS** Hight's guilty plea, and **ADJUDGES** him guilty of Counts 1 and 2 of the Indictment (DE 14);

2. The Indictment's forfeiture allegation identifies $15,775 in currency, 13 specific firearms, all related ammunition, and a bulletproof vest as Hight's purportedly forfeitable property. *See* DE 14 at 2–3. The plea agreement originally addressed forfeiture, but the parties struck (and signed as confirmation) that provision. *See* DE 61 at 4 (former ¶ 10). The Court has reviewed the audio recording of the rearraignment proceedings. The United States represented its intent to go forward with the modified plea and address forfeiture separately. *See* Audio Recording KYED-PIK_7-19-cr-25-01_20200605_075754 at 26:00. Judge Atkins explained the change to Defendant Hight, and he orally confirmed understanding. *See id.* at 28:40.

3. The Court must "as soon as practical after a . . . plea of guilty is accepted . . . determine what property is subject to forfeiture under the applicable statute." Fed. R. 32.2(b)(1). To that end, Defendant Hight **SHALL**, within 10 days, file a notice advising whether he intends to seek a jury determination regarding forfeiture or is waiving any claim to jury consideration and consenting to the Court's resolution of all forfeiture issues.[1] The Government **SHALL**, within 7 days of Defendant's filing, submit a status report

---

[1] If electing the latter, the notice must affirmatively indicate—either via (1) a waiver and consent personally signed by Defendant Hight or via (2) an affirmative counsel representation of consultation and client consent—Hight's agreement to Court handling and waiver of jury consideration.

regarding forfeiture. Defendant Hight, within 14 days of the Government's status report, **SHALL** respond; and

4. The Court will issue a separate sentencing order.[2]

This the 12th day of June, 2020.

Signed By:

*Robert E. Wier*

United States District Judge

---

[2] At the hearing, Judge Atkins remanded Hight to custody. *See* DE 60. The Court, thus, sees no need to further address detention, at this time.